Antonio Cardona Morales, recurrente, *v.* El Registrador de Arecibo, recurrido.

No. 648.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Noviembre 19, 1926.

Marido y Mujer—Bienes Gananciales—Derechos de los Cónyuges Mientras Exista la Sociedad Legal de Gananciales—Derechos del Marido—En Cuanto a Otorgar Cartas de Pago por Precio Aplazado Procedente de la Venta de Bienes.—El marido, como administrador de la sociedad conyugal, tiene derecho a otorgar, sin el consentimiento de la esposa, carta de pago por el precio aplazado procedente de una venta cuando no aparece que por dicho precio se haya constituido un derecho real.

Nota de *Emigdio S. Ginorio,* R. (Arecibo), denegando cancelación de mención sobre precio aplazado procedente de una venta mediante escritura de carta de pago. *Revocada.*

*Valentín Polanco de Jesús,* abogado del recurrente; *El registrador recurrido* no compareció.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El artículo 159 del Código Civil dispone lo siguiente:

"El marido será el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario.

"Las compras que con dichos bienes haga la mujer serán válidas, cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta.

"No obstante, los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges."

De igual modo los artículos 1327 y 1328 del citado código dicen:

"Artículo 1327.—El marido es el administrador de la sociedad de gananciales, salvo lo dispuesto en los artículos 81 y 82 del Capítulo VI, Título V, del Libro Primero de este Código."

"Artículo 1328.—Sin embargo de las facultades que tiene el marido como administrador, no podrá donar, enajenar y obligar a título oneroso, los bienes inmuebles de la sociedad de gananciales, sin el consentimiento expreso de la mujer.

"Toda enajenación o convenio que sobre dichos bienes haga el marido en contravención a este artículo, y los demás dispuestos en este Código o en fraude de la mujer, será nulo y no perjudicará a ésta ni a sus herederos."

Por consiguiente, un esposo, no puede enajenar, gravar, vender o hacer transacción alguna con respecto a los bienes inmuebles de la sociedad de gananciales sin el consentimiento de su esposa.

De la escritura presentada para su inscripción en este caso aparece que Juan Marrero Luna, casado con Ana María Rivera vendió en enero 16 de 1920 una finca rústica a Antonio Cardona Morales. Al tiempo de la venta se dejaron de pagar doscientos cincuenta pesos, haciéndose mención de este hecho en la escritura y anotándose en el registro. Como la escritura fué inscrita debe presumirse concluyentemente para los fines de este recurso gubernativo que se obtuvo el consentimiento de la esposa.

Luego, en 21 de febrero de 1921 compareció el vendedor Juan Marrero Luna ante un notario y otorgó carta de pago

por la suma dejada de pagar al tiempo de efectuarse la venta. Al presentársele la escritura el Registrador de Arecibo se negó a inscribir la carta de pago según consta en la siguiente nota:

"Denegada la cancelación de la mención comprendida en el precedente documento porque no consiente en ella Ana María Rivera, esposa del acreedor Juan Marrero Luna, como prescriben los artículos 159 y 1328 del Código Civil Revisado, y lo resuelto por la Honorable Corte Suprema, entre otros, en los casos números 24, tomo 12, página 222, y en el 10, tomo 9, página 187, D.P.R., requisito tanto más indispensable cuanto que se trata de cancelar (que equivale a vender) un derecho expresamente mencionado en una inscripción y que procede del precio de la venta de una finca, que tiene el carácter de bien ganancial por haber sido adquirido por permuta por otra, que también hubo el acreedor, a título oneroso, estando casado con dicha señora."

Estamos enteramente de acuerdo con las decisiones anteriores de esta corte. Una hipoteca que garantiza con bienes inmuebles una obligación personal es un derecho real y tal derecho no puede destruirse o cancelarse por el esposo sin el consentimiento de su esposa. Las partes han convertido voluntariamente una obligación personal en un derecho real.

Sin embargo, hasta que ocurra tal conversión la mera mención en el registro de la propiedad de un derecho personal no constituye un derecho real. *Vega* v. *Ponce,* 34 D.P.R. 9, así como citas de comentaristas, especialmente 2 Morell, 572 y 573.

El derecho de un esposo a administrar los bienes de la sociedad conyugal es la regla, y las excepciones están mencionadas en los artículos 159, 1327 y 1328 del Código Civil, *supra.* Para negarle el derecho de otorgar una carta de pago por el dinero dejado de pagar al tiempo de la venta debe aparecer claramente que se ha constituído un derecho real.

*Debe revocarse la nota recurrida y hacerse la inscripción.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.